# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 10, 2022

Lyle W. Cayce
Clerk

No. 21-51015
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ERIK DANIEL SALGADO-CASTELLANO,

*Defendant—Appellant*,

CONSOLIDATED WITH

No. 21-51028

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ERICK DANIEL SALGADO-CASTELLANOS,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas

No. 21-51015
c/w No. 21-51028
USDC No. 4:21-CR-481-1
USDC No. 4:21-CR-526-1

---

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Erik Daniel Salgado-Castellano[1] appeals the sentence imposed following his guilty plea conviction for illegal reentry after deportation, as well as the revocation of the term of supervised release he was serving at the time of the offense. He argues that 8 U.S.C. § 1326(b) is unconstitutional because it allows a sentence above the otherwise applicable statutory maximum of two years of imprisonment and one year of supervised release based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. Because Salgado-Castellano does not address the validity of the revocation or the revocation sentence, he has abandoned any challenge to them. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Salgado-Castellano has filed an unopposed motion for summary disposition and a letter brief correctly conceding that the issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). He explains that he has raised the issue only to preserve it for possible further review. Accordingly, because summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), Salgado-Castellano's motion is GRANTED, and the district court's judgments are AFFIRMED.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

[1] The defendant-appellant's name is spelled "Erick Daniel Salgado-Castellanos" in the appeal from the revocation proceeding. We will use the spelling "Salgado-Castellano" in this opinion.